Martin F. Casey (MFC-1415)
**CASEY & BARNETT, LLC**
317 Madison Avenue, 21st Floor
New York, New York 10017
(212) 286-0225
Attorneys for Plaintiff

08 CIV 5266

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
INDEMNITY INSURANCE COMPANY OF
NORTH AMERICA a/s/o DARIK ENTERPRISES,
INC.                                                                                   08 Civ.

       Plaintiff,                                                                **COMPLAINT**

       - against -

M/V ASIR, her engines, boilers, tackle, apparel, etc., *in rem*; HANJIN SHIPPING CO., LTD.; UNITED ARAB SHIPPING CO (S.A.G.) and APM TERMINALS, *in personam*,

       Defendants.
------------------------------------------------------------X

       Plaintiff, by its attorneys, CASEY & BARNETT, LLC, for its Complaint, alleges upon information and belief as follows:

       1.     This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333.

       2.     At all material times, INDEMNITY INSURANCE COMPANY OF NORTH AMERICA (hereinafter "INA" or "Plaintiff") was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at 140 Broadway, 40th Floor, New York, New York 10005 and is the subrogated cargo underwriter of Darik Enterprises, Inc.

3. At all material times, DARIK ENTERPRISES, INC. (hereinafter "Darik") was and is a corporation with an office and place of business located at 71-15 51st Avenue, Woodside, New York 11377 and was the consignee, owner and/or assured of the consignment of frozen raw rock lobster tails laden on board the M/V ASIR, as more fully described below.

4. At all material times, defendant, HANJIN SHIPPING CO., LTD. (hereinafter "Hanjin") was and is a foreign corporation with an office and place of business located at 80 East Route 4, Suite 490, Paramus, New Jersey 07652 and owns, operates, manages and/or charters ocean-going vessels, including the M/V ASIR (hereinafter "vessel"), that operate between various foreign and domestic ports and, in particular, within this district and was the charterer, and/or operator of the M/V ASIR, and at all relevant times, was and is doing business within the jurisdiction of this Honorable Court.

5. At all material times, defendant, UNITED ARAB SHIPPING CO (S.A.G.) (hereinafter "UAS") was and is a foreign corporation with an office and place of business located at 511 South Avenue East, Cranford, New Jersey 07016 and owns, operates, manages and/or charters ocean-going vessels, including the M/V ASIR (hereinafter "vessel"), that operate between various foreign and domestic ports and, in particular, within this district and was the owner, bareboat owner, manager charterer, and/or operator of the M/V ASIR, and at all relevant times, was and is doing business within the jurisdiction of this Honorable Court.

6. At all material times, defendant, APM TERMINALS (hereinafter "APM") was and is a foreign corporation with an office and place of business located at 5080 McLester Street, Elizabeth, New Jersey 07207 and at all relevant times was and is doing business in this jurisdiction as an operator of container terminals.

7. At all material times, the M/V ASIR was and is an oceangoing vessel built in 1998, that is flagged in Saudi Arabia and engages in the common carriage of cargoes on the high seas and may be within the jurisdiction of this Honorable Court during the pendency of process hereunder.

8. On or about June 8, 2007, a consignment consisting of 812 cartons of frozen raw rock lobster tails laden into container number HJCU6084001, then being in good order and condition, was delivered to the *in personam* defendants, their employees and/or agents and the M/V ASIR at the port of Jebel Ali, Dubai, United Arab Emirates for transportation to New York, New York, U.S.A., in consideration of an agreed freight pursuant to Hanjin bill of lading number HJSCJXBA01385801 dated June 8, 2007.

9. Thereafter, the aforementioned consignment was loaded aboard the M/V ASIR, Hanjin bill of lading number HJSCJXBA01385801 was issued, and the vessel sailed for the intended port of destination.

10. On or about July 11, 2007 the consignment arrived at the port of New York, New York, U.S.A.

11. Upon delivery of the cargo to the consignee, it was discovered that the consignment was not in the same good order and condition as when received by the defendants, but instead had suffered physical damage due to exposure to higher than optimum temperatures.

12. The damage to the aforementioned cargo was not the result of any act or omission of the plaintiff but, to the contrary, was due solely as the result of the negligence, fault, neglect, breach of contract of carriage and bailment on the part of the defendants.

13. By reason of the foregoing, plaintiff has been sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $58,879.00.

14. At all times relevant hereto, a contract of insurance for property damage was in effect between Darik and INA, which provided coverage for, among other things, loss or damage to the consignment.

15. Pursuant to the aforementioned contract of insurance between Darik and INA, monies have been expended on behalf of Darik to the detriment of INA due to the damages sustained during transit.

16. As INA has sustained damages as a result of said expenditures, expenditures rightly the responsibility of the defendants, INA has an equitable right of subrogation and is subrogated, to the extent of its expenditures, to the rights of its insured with respect to any and all claims for damages of against the defendant.

17. Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignments, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

18. Plaintiff and its predecessors in title have performed all of the conditions precedent on their part to be performed under the terms of the said contract.

19. Plaintiff has a maritime lien against the M/V ASIR for the damages referred to herein and will enforce that lien in these proceedings.

20. All and singular the matters alleged herein are true and correct. Plaintiff reserves the right to amend and supplement this complaint, as further facts become available.

WHEREFORE, Plaintiff prays:

1. In rem service of process be issued against the M/V ASIR, her engines, boilers, tackle, furniture, apparel, etc.; that the vessel be seized and that all those claiming an interest in her be cited to appear and answer under oath both all and singular the matters aforesaid;

2. The M/V ASIR, her engines, boilers, tackle, furniture, apparel, etc., be condemned and sold to satisfy the judgments herein in favor of plaintiff;

3. The Court order, adjudge and decree that defendants HANJIN SHIPPING CO., LTD., UNITED ARAB SHIPPING CO (S.A.G.), APM TERMINALS, and the M/V ASIR be found joint and severally liable and pay to plaintiff the losses sustained herein, together with pre-judgment and post judgment interest thereon and their costs; and,

4. That this Court grant to plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
      June 9, 2008
      115-926

                                  CASEY & BARNETT, LLC
                                  Attorneys for Plaintiff

By: *Martin F. Casey*
                                  Martin F. Casey (MFC-1415)
                                  317 Madison Avenue, 21st Floor
                                  New York, New York 10017
                                  (212) 286-0225