9171/RHD
CICHANOWICZ, CALLAN, KEANE, VENGROW & TEXTOR, LLP
61 Broadway, Suite 3000
New York, New York 10006-2802
(212)344-7042

Attorneys for Defendant Hanjin Shipping Co. Ltd.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| INDEMNITY INSURANCE COMPANY OF NORTH AMERICA a/s/o DARIK ENTERPRISES, INC.<br><br>Plaintiff,<br><br>- against -<br><br>M/V ASIR, her engines, boilers, tackle, apparel, etc., *in rem*; HANJIN SHIPPING CO., LTD.; UNITED ARAB SHIPPING CO (S.A.G.) and APM TERMINALS, in personam,<br><br>Defendants. | 08 Civ. 5266 (PKC)<br><br>**ANSWER AND CROSS-CLAIMS** |

Defendant Hanjin Shipping Co. Ltd. ("Hanjin"), by its attorneys, Cichanowicz, Callan, Keane, Vengrow & Textor, LLP, answering plaintiff's complaint and cross-claiming against defendants United Arab Shipping Co. (S.A.G.) and APM Terminals, alleges upon information and belief as follows:

1.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1.

2.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2.

3.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3.

4.  Admits that Hanjin is a foreign corporation with an office and place of business as alleged and that Hanjin was a slot charterer of the vessel M/V ASIR, but except as so specifically admitted, denies the allegations of paragraph 4.

5.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5.

6.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6.

7.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7.

8.  Admits that on or about June 7, 2007 there was delivered to the vessel sealed container HJCU6084001 for transport pursuant to Hanjin bill of lading HJSCJXBA01385801 on the vessel M/V ASIR from Dubai (Jebel Ali) to APM Terminals (Port of New York) for freight paid or to be paid, but except as so specifically admitted, denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8.

9.  Admits that the container was loaded aboard the vessel, that the bill of lading was issued, and that the vessel sailed for New York, but except as so specifically admitted, denies the allegations of paragraph 9.

10. Admits that the container arrived at the discharge port on or about July 7, 2007, but except as so specifically admitted, denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10.

11. Denies the allegations of paragraph 11.

12. Denies the allegations of paragraph 12.

13. Denies the allegations of paragraph 13.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18.

19. Denies the allegations of paragraph 19.

20. Denies the allegations of paragraph 20.

## AS AND FOR AFFIRMATIVE DEFENSES TO ALL CLAIMS, HANJIN ALLEGES UPON INFORMATION AND BELIEF AS FOLLOWS

21. Repeat and reallege each and every admission, denial and denial of knowledge or information hereinabove set forth, with the same force and effect as if herein repeated and set forth at length.

## FIRST AFFIRMATIVE DEFENSE

22. The above shipment was subject to all the terms, conditions and exceptions contained in a certain bill of lading issued therefor for which the shipper, owner, consignee or holder of said bill of lading agreed to be bound and are bound.

### SECOND AFFIRMATIVE DEFENSE

23. Any loss and/or damage to the above shipment was due to causes for which Hanjin is not liable or responsible by virtue of the provisions the applicable Carriage of Goods by Sea Act and/or Harter Act and/or general maritime law.

### THIRD AFFIRMATIVE DEFENSE

24. Any damage to and/or loss of the above shipment was caused by or due to the acts, omissions, fault or neglect of the owners of the shipment, the shipper or receivers and its agents or the nature of the shipment, including insufficiency of packing, inherent vice, or resulted from the acts, omissions, fault or neglect of other persons or entities for which Hanjin is neither responsible nor liable.

### FOURTH AFFIRMATIVE DEFENSE

25. Hanjin's liability, if any, is limited to $500 per package or, for goods not shipped in packages, $500 per customary freight unit.

### FIFTH AFFIRMATIVE DEFENSE

26. This Court is an improper forum pursuant to the forum selection clause in Hanjin's bill of lading.

### AS AND FOR CROSS-CLAIMS, HANJIN SHIPPING CO. LTD. ALLEGES UPON INFORMATION AND BELIEF AS FOLLOWS:

27. Repeat and realleges each and every allegation set forth above with the same force and effect as if herein repeated and set forth at length.

### FIRST CROSS-CLAIM

28. The cargo damage alleged in plaintiff's complaint was caused by the acts, omissions, fault, negligence, breach of contract, and/or breach of warranty of defendants

United Arab Shipping Co. (S.A.G.) and/or APM Terminals or their servants and/or agents.

29. Therefore, if Hanjin is liable to plaintiff, whether by judgment or settlement, then Hanjin is entitled to indemnity and/or contribution from United Arab Shipping Co. (S.A.G.) and/or APM Terminals including recovery of the attorneys' fees and costs incurred by Hanjin in defending against plaintiff's claims.

## SECOND CROSS-CLAIM

30. The claims between Hanjin and United Arab Shipping Co. (S.A.G.) are subject to London arbitration pursuant to the applicable slot charter contract between them. Hanjin's arbitration rights are expressly preserved.

WHEREFORE, Hanjin prays for:

(a) Judgment dismissing plaintiff's complaint;

(b) Judgment in Hanjin's favor on the cross-claims;

(c) An award of all costs including attorneys' fees; and

(d) Such other and further relief as this Court may deem just and proper.

Dated: New York, New York
July 25, 2008

> Respectfully submitted,
>
> CICHANOWICZ, CALLAN, KEANE,
> VENGROW & TEXTOR, LLP
> Attorneys for Defendant Hanjin Shipping Co. Ltd.
>
> By: s/ Randolph H. Donatelli
>     Randolph H. Donatelli (RHD-5359)
> 61 Broadway, Suite 3000
> New York, New York 10006-2802
> (212) 344-7042

To:   Casey & Barnett, LLC
      317 Madison Avenue, 21st Floor
      New York, New York 10017
      (212) 286-0225

**CERTIFICATE OF SERVICE BY REGULAR U.S. MAIL AND BY ECF**

The undersigned declares under penalty of perjury that the following is true and correct:

1. I am over the age of eighteen years and I am not a party to this action.

2. On July 25, 2008, I served a complete copy of Defendant Hanjin Shipping Co. Ltd.'s Answer and Cross-Claims, by regular U.S. mail and by ECF, to the following attorneys at their ECF registered address and at the following address:

To:  Casey & Barnett, LLC
     317 Madison Avenue, 21st Floor
     New York, New York 10017
     (212) 286-0225

*Jennifer Scianna*
Jennifer Scianna

DATED:    July 25, 2008
          New York, New York