9171/RHD
CICHANOWICZ, CALLAN, KEANE, VENGROW & TEXTOR, LLP
61 Broadway, Suite 3000
New York, New York 10006-2802
(212)344-7042

Attorneys for Defendant and Third-Party Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

INDEMNITY INSURANCE COMPANY OF
NORTH AMERICA a/s/o DARIK ENTERPRISES,
INC.

Plaintiff,

- against -

M/V ASIR, her engines, boilers, tackle, apparel, etc., *in rem*; HANJIN SHIPPING CO., LTD.; UNITED ARAB SHIPPING CO (S.A.G.) and APM TERMINALS, in personam,

Defendants,

- and -

HANJIN SHIPPING CO., LTD.

Defendant and Third-Party Plaintiff,

- against -

UNIVERSAL MARITIME SERVICE CORP.

Third-Party Defendant.

---

08 Civ. 5266 (PKC)

**THIRD-PARTY
COMPLAINT**

RECEIVED
JUL 2 8 2008
U.S.D.C. S.D. N.Y.
CASHIERS

Defendant and third-party plaintiff Hanjin Shipping Co. Ltd. ("Hanjin") by its attorneys Cichanowicz, Callan, Keane, Vengrow & Textor, LLP, for its third-party complaint against Universal Maritime Service Corp. ("Universal"), alleges upon information and belief as follows:

1. This is an admiralty and maritime action within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 U.S.C. §1333. In the alternative, there is subject matter jurisdiction under 28 U.S.C.§1367 and/or 28 U.S.C.§1337.

2. This third-party action is brought pursuant to Rule 14(a) and Rule 14(c) of the Federal Rules of Civil Procedure.

3. Attached hereto as Exhibit A is a copy of plaintiff's complaint.

4. Attached hereto as Exhibit B is a copy of Hanjin's answer.

5. Universal was at all times relevant hereto a corporation or other legal entity organized and existing under the laws of one of the United States and is subject to the jurisdiction of this Court.

6. Plaintiff's complaint alleges temperature damage to a cargo of lobster tails transported in reefer container HJCU6084001 by sea from Dubai (Jebel Ali) to APM Terminals in Elizabeth, New Jersey. Plaintiff's complaint seeks damages in the principal amount of US$58,879.00.

7. Hanjin issued a bill of lading for the ocean carriage of the container and contracted with Universal for terminal and stevedoring services at APM Terminals including the providing of power to the reefer container at all times while at the terminal.

8. Plaintiff alleges that the cargo damage occurred as a result of the reefer container not receiving any power while at the APM Terminal.

9. If the shipment was damaged as alleged in plaintiff's complaint, then such damage was caused in whole or in part by the acts, omissions, fault, negligence, breach of contract, and/or breach of warranty, express or implied, of Universal and/or its servants and/or agents.

2

10. Therefore, if plaintiff recovers from Hanjin, whether by settlement or judgment, then Hanjin is entitled to contribution and/or indemnity from Universal together with all costs including attorneys' fees.

WHEREFORE, Hanjin prays for the following:

(a) That process in due form of law according to the rules and practices of this Court may issue against Universal requiring Universal to appear and answer this third-party complaint;

(b) That Universal be adjudged directly liable to the plaintiff herein for any damages suffered and that it be further required to appear and answer plaintiff's complaint as provided for by Rule 14(c) of the Federal Rules of Civil Procedure;

(c) That Hanjin be awarded indemnity/contribution from Universal including all costs and attorneys' fees; and

(d) For such other and further relief as this Court deems just and proper.

Dated: New York, New York
July 28, 2008

Respectfully submitted,

CICHANOWICZ, CALLAN, KEANE,
VENGROW & TEXTOR, LLP
Attorneys for Defendant and Third-Party Plaintiff
Hanjin Shipping Co. Ltd.

By: _____
    Randolph H. Donatelli (RHD-5359)
61 Broadway, Suite 3000
New York, New York 10006-2802
(212) 344-7042

To:    Casey & Barnett, LLC
       317 Madison Avenue, 21st Floor
       New York, New York 10017
       (212) 286-0225

3

## CERTIFICATE OF SERVICE BY REGULAR U.S. MAIL AND BY ECF

The undersigned declares under penalty of perjury that the following is true and correct:

1. I am over the age of eighteen years and I am not a party to this action.

2. On July 28, 2008, I served a complete copy of Defendant Hanjin Shipping Co. Ltd.'s Third-Party Complaint, by regular U.S. mail and by ECF, to the following attorneys at their ECF registered address and at the following address:

To:    Casey & Barnett, LLC
317 Madison Avenue, 21st Floor
New York, New York 10017
(212) 286-0225

Jennifer Scianna
Jennifer Scianna

DATED:    July 28, 2008
New York, New York

# Exhibit A

JUDGE CASTEL

**'08 CIV 5266**

Martin F. Casey (MFC-1415)
**CASEY & BARNETT, LLC**
317 Madison Avenue, 21st Floor
New York, New York 10017
(212) 286-0225
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

INDEMNITY INSURANCE COMPANY OF
NORTH AMERICA a/s/o DARIK ENTERPRISES,
INC.                                                                                08 Civ.

        Plaintiff,                                                         **COMPLAINT**

        - against -

M/V ASIR, her engines, boilers, tackle, apparel, etc., *in
rem*; HANJIN SHIPPING CO., LTD.; UNITED
ARAB SHIPPING CO (S.A.G.) and APM
TERMINALS, *in personam*,

        Defendants.
-------------------------------------------------------X

        Plaintiff, by its attorneys, CASEY & BARNETT, LLC, for its Complaint, alleges upon

information and belief as follows:

        1.     This is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333.

        2.     At all material times, INDEMNITY INSURANCE COMPANY OF NORTH

AMERICA (hereinafter "INA" or "Plaintiff") was and is a corporation organized and existing by

virtue of the laws of a foreign state with an office and place of business located at 140

Broadway, 40th Floor, New York, New York 10005 and is the subrogated cargo underwriter of

Darik Enterprises, Inc.

3.     At all material times, DARIK ENTERPRISES, INC. (hereinafter "Darik") was
and is a corporation with an office and place of business located at 71-15 51st Avenue, Woodside,
New York 11377 and was the consignee, owner and/or assured of the consignment of frozen raw
rock lobster tails laden on board the M/V ASIR, as more fully described below.

4.     At all material times, defendant, HANJIN SHIPPING CO., LTD. (hereinafter
"Hanjin") was and is a foreign corporation with an office and place of business located at 80 East
Route 4, Suite 490, Paramus, New Jersey 07652 and owns, operates, manages and/or charters
ocean-going vessels, including the M/V ASIR (hereinafter "vessel"), that operate between
various foreign and domestic ports and, in particular, within this district and was the charterer,
and/or operator of the M/V ASIR, and at all relevant times, was and is doing business within the
jurisdiction of this Honorable Court.

5.     At all material times, defendant, UNITED ARAB SHIPPING CO (S.A.G.)
(hereinafter "UAS") was and is a foreign corporation with an office and place of business located
at 511 South Avenue East, Cranford, New Jersey 07016 and owns, operates, manages and/or
charters ocean-going vessels, including the M/V ASIR (hereinafter "vessel"), that operate
between various foreign and domestic ports and, in particular, within this district and was the
owner, bareboat owner, manager charterer, and/or operator of the M/V ASIR, and at all relevant
times, was and is doing business within the jurisdiction of this Honorable Court.

6.     At all material times, defendant, APM TERMINALS (hereinafter "APM") was
and is a foreign corporation with an office and place of business located at 5080 McLester Street,
Elizabeth, New Jersey 07207 and at all relevant times was and is doing business in this
jurisdiction as an operator of container terminals.

2

7.    At all material times, the M/V ASIR was and is an oceangoing vessel built in 1998, that is flagged in Saudi Arabia and engages in the common carriage of cargoes on the high seas and may be within the jurisdiction of this Honorable Court during the pendency of process hereunder.

8.    On or about June 8, 2007, a consignment consisting of 812 cartons of frozen raw rock lobster tails laden into container number HJCU6084001, then being in good order and condition, was delivered to the *in personam* defendants, their employees and/or agents and the M/V ASIR at the port of Jebel Ali, Dubai, United Arab Emirates for transportation to New York, New York, U.S.A., in consideration of an agreed freight pursuant to Hanjin bill of lading number HJSCJXBA01385801 dated June 8, 2007.

9.    Thereafter, the aforementioned consignment was loaded aboard the M/V ASIR, Hanjin bill of lading number HJSCJXBA01385801 was issued, and the vessel sailed for the intended port of destination.

10.    On or about July 11, 2007 the consignment arrived at the port of New York, New York, U.S.A.

11.    Upon delivery of the cargo to the consignee, it was discovered that the consignment was not in the same good order and condition as when received by the defendants, but instead had suffered physical damage due to exposure to higher than optimum temperatures.

12.    The damage to the aforementioned cargo was not the result of any act or omission of the plaintiff but, to the contrary, was due solely as the result of the negligence, fault, neglect, breach of contract of carriage and bailment on the part of the defendants.

13.    By reason of the foregoing, plaintiff has been sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $58,879.00.

14.    At all times relevant hereto, a contract of insurance for property damage was in effect between Darik and INA, which provided coverage for, among other things, loss or damage to the consignment.

15.    Pursuant to the aforementioned contract of insurance between Darik and INA, monies have been expended on behalf of Darik to the detriment of INA due to the damages sustained during transit.

16.    As INA has sustained damages as a result of said expenditures, expenditures rightly the responsibility of the defendants, INA has an equitable right of subrogation and is subrogated, to the extent of its expenditures, to the rights of its insured with respect to any and all claims for damages of against the defendant.

17.    Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignments, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

18.    Plaintiff and its predecessors in title have performed all of the conditions precedent on their part to be performed under the terms of the said contract.

19.    Plaintiff has a maritime lien against the M/V ASIR for the damages referred to herein and will enforce that lien in these proceedings.

20.    All and singular the matters alleged herein are true and correct. Plaintiff reserves the right to amend and supplement this complaint, as further facts become available.

**WHEREFORE,** Plaintiff prays:

1.      In rem service of process be issued against the M/V ASIR, her engines, boilers, tackle, furniture, apparel, etc.; that the vessel be seized and that all those claiming an interest in her be cited to appear and answer under oath both all and singular the matters aforesaid;

2.      The M/V ASIR, her engines, boilers, tackle, furniture, apparel, etc., be condemned and sold to satisfy the judgments herein in favor of plaintiff;

3.      The Court order, adjudge and decree that defendants HANJIN SHIPPING CO., LTD., UNITED ARAB SHIPPING CO (S.A.G.), APM TERMINALS, and the M/V ASIR be found joint and severally liable and pay to plaintiff the losses sustained herein, together with pre-judgment and post judgment interest thereon and their costs; and,

4.      That this Court grant to plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
       June 9, 2008
       115-926

                             CASEY & BARNETT, LLC
                             Attorneys for Plaintiff

                    By:      *Martin F. Casey*

                             Martin F. Casey (MFC-1415)
                             317 Madison Avenue, 21st Floor
                             New York, New York 10017
                             (212) 286-0225

# Exhibit B

9171/RHD
CICHANOWICZ, CALLAN, KEANE, VENGROW & TEXTOR, LLP
61 Broadway, Suite 3000
New York, New York 10006-2802
(212)344-7042

Attorneys for Defendant Hanjin Shipping Co. Ltd.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| INDEMNITY INSURANCE COMPANY OF NORTH AMERICA a/s/o DARIK ENTERPRISES, INC. | 08 Civ. 5266 (PKC) |
| Plaintiff, | **ANSWER AND CROSS-CLAIMS** |
| - against - | |
| M/V ASIR, her engines, boilers, tackle, apparel, etc., *in rem*; HANJIN SHIPPING CO., LTD.; UNITED ARAB SHIPPING CO (S.A.G.) and APM TERMINALS, in personam, | |
| Defendants. | |

Defendant Hanjin Shipping Co. Ltd. ("Hanjin"), by its attorneys, Cichanowicz, Callan, Keane, Vengrow & Textor, LLP, answering plaintiff's complaint and cross-claiming against defendants United Arab Shipping Co. (S.A.G.) and APM Terminals, alleges upon information and belief as follows:

1.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1.

2.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2.

3.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3.

4.      Admits that Hanjin is a foreign corporation with an office and place of business as alleged and that Hanjin was a slot charterer of the vessel M/V ASIR, but except as so specifically admitted, denies the allegations of paragraph 4.

5.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5.

6.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6.

7.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7.

8.      Admits that on or about June 7, 2007 there was delivered to the vessel sealed container HJCU6084001 for transport pursuant to Hanjin bill of lading HJSCJXBA01385801 on the vessel M/V ASIR from Dubai (Jebel Ali) to APM Terminals (Port of New York) for freight paid or to be paid, but except as so specifically admitted, denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8.

9.      Admits that the container was loaded aboard the vessel, that the bill of lading was issued, and that the vessel sailed for New York, but except as so specifically admitted, denies the allegations of paragraph 9.

10.     Admits that the container arrived at the discharge port on or about July 7, 2007, but except as so specifically admitted, denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10.

11.     Denies the allegations of paragraph 11.

12.     Denies the allegations of paragraph 12.

2

13.    Denies the allegations of paragraph 13.

14.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14.

15.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15.

16.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16.

17.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17.

18.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18.

19.    Denies the allegations of paragraph 19.

20.    Denies the allegations of paragraph 20.

## AS AND FOR AFFIRMATIVE DEFENSES TO ALL CLAIMS, HANJIN ALLEGES UPON INFORMATION AND BELIEF AS FOLLOWS

21.    Repeat and reallege each and every admission, denial and denial of knowledge or information hereinabove set forth, with the same force and effect as if herein repeated and set forth at length.

### FIRST AFFIRMATIVE DEFENSE

22.    The above shipment was subject to all the terms, conditions and exceptions contained in a certain bill of lading issued therefor for which the shipper, owner, consignee or holder of said bill of lading agreed to be bound and are bound.

3

## SECOND AFFIRMATIVE DEFENSE

23.     Any loss and/or damage to the above shipment was due to causes for which Hanjin is not liable or responsible by virtue of the provisions the applicable Carriage of Goods by Sea Act and/or Harter Act and/or general maritime law.

## THIRD AFFIRMATIVE DEFENSE

24.     Any damage to and/or loss of the above shipment was caused by or due to the acts, omissions, fault or neglect of the owners of the shipment, the shipper or receivers and its agents or the nature of the shipment, including insufficiency of packing, inherent vice, or resulted from the acts, omissions, fault or neglect of other persons or entities for which Hanjin is neither responsible nor liable.

## FOURTH AFFIRMATIVE DEFENSE

25.     Hanjin's liability, if any, is limited to $500 per package or, for goods not shipped in packages, $500 per customary freight unit.

## FIFTH AFFIRMATIVE DEFENSE

26.     This Court is an improper forum pursuant to the forum selection clause in Hanjin's bill of lading.

## AS AND FOR CROSS-CLAIMS, HANJIN SHIPPING CO. LTD. ALLEGES UPON INFORMATION AND BELIEF AS FOLLOWS:

27.     Repeat and realleges each and every allegation set forth above with the same force and effect as if herein repeated and set forth at length.

## FIRST CROSS-CLAIM

28.     The cargo damage alleged in plaintiff's complaint was caused by the acts, omissions, fault, negligence, breach of contract, and/or breach of warranty of defendants

4

United Arab Shipping Co. (S.A.G.) and/or APM Terminals or their servants and/or agents.

29.     Therefore, if Hanjin is liable to plaintiff, whether by judgment or settlement, then Hanjin is entitled to indemnity and/or contribution from United Arab Shipping Co. (S.A.G.) and/or APM Terminals including recovery of the attorneys' fees and costs incurred by Hanjin in defending against plaintiff's claims.

## SECOND CROSS-CLAIM

30.     The claims between Hanjin and United Arab Shipping Co. (S.A.G.) are subject to London arbitration pursuant to the applicable slot charter contract between them. Hanjin's arbitration rights are expressly preserved.

WHEREFORE, Hanjin prays for:

(a) Judgment dismissing plaintiff's complaint;

(b) Judgment in Hanjin's favor on the cross-claims;

(c) An award of all costs including attorneys' fees; and

(d) Such other and further relief as this Court may deem just and proper.

Dated: New York, New York
       July 25, 2008

Respectfully submitted,

CICHANOWICZ, CALLAN, KEANE,
VENGROW & TEXTOR, LLP
Attorneys for Defendant Hanjin Shipping Co. Ltd.

By: s/ Randolph H. Donatelli
        Randolph H. Donatelli (RHD-5359)
61 Broadway, Suite 3000
New York, New York 10006-2802
(212) 344-7042

5

To:    Casey & Barnett, LLC
       317 Madison Avenue, 21st Floor
       New York, New York 10017
       (212) 286-0225