UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
INDEMNITY INSURANCE COMPANY OF      Docket No. 08 Civ. 5266 (PKC)
NORTH AMERICA a/s/o Darik Enterprises,
Inc.

                  Plaintiff,
                                                                  **UASC'S ANSWER**
   -against-                                                    **AND CROSS CLAIM**

M/V "ASIR," her engines, boilers, tackle,
apparel, etc., *in rem*; HANJIN SHIPPING CO.,
LTD.; UNITED ARAB SHIPPING CO.
(S.A.G.) and APM TERMINALS, *in personam*;

                  Defendant(s).
------------------------------------------------------------X

      Defendant UNITED ARAB SHIPPING CO. (hereinafter referred to as "UASC"), by its attorneys COZEN O'CONNOR, answering plaintiff's Complaint, says as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1" of the Complaint, and respectfully refers all questions of law for determination by this Court at time of trial.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "2", "3" and "4" of the Complaint

3. Admits that UASC is a foreign sovereign corporation organized under the laws of Kuwait with a principal place of business located in Kuwait, and is in the business of owning and operating ocean going vessels used for the transportation of various cargoes throughout the world, but except as specifically admitted, denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "5" of the Complaint.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "6", "7", "8", "9", "10", "11", "12", "13", "14", "15", "16", "17", "18", "19" and "20", and respectfully refers all questions of law for determination by this Court at time of trial.

### FIRST AFFIRMATIVE DEFENSE

5. Plaintiff has failed to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

6. Plaintiff is not the real party in interest.

### THIRD AFFIRMATIVE DEFENSE

7. Defendant UASC is an agent for a disclosed principal.

### FOURTH AFFIRMATIVE DEFENSE

8. Plaintiff is barred as it has assumed all risks inherent in the subject shipment.

### FIFTH AFFIRMATIVE DEFENSE

9. The occurrence and damages, if any, sustained by plaintiff, resulted wholly and solely from the fault, neglect and want of care of plaintiff or persons and parties other than UASC for whose acts said Defendant is not liable or responsible, and was not the result of any negligence, breach of contract, fault of want of care on the part of UASC.

### SIXTH AFFIRMATIVE DEFENSE

10. Plaintiff's claims are barred by the equitable principals of waiver, estoppel, accord and satisfaction and laches.

### SEVENTH AFFIRMATIVE DEFENSE

11. UASC operates under certain standard terms and conditions. All of these terms and conditions are hereby incorporated by reference and govern the shipment which is the

subject of this action. The terms and conditions provides the specific bar to plaintiff's claims and exonerate defendant, UASC in part from liability not to exceed a certain value of the cargo which is lost or damaged.

### EIGHTH AFFIRMATIVE DEFENSE

12. Any loss or damage as alleged arose from acts or omissions of agents of plaintiff for which UASC has no liability.

### NINTH AFFIRMATIVE DEFENSE

13. Plaintiff has failed to name necessary and indispensable parties to this action.

### TENTH AFFIRMATIVE DEFENSE

14. Plaintiff's claims are barred by documents issued with respect to the subject shipment including, but not limited to, bills of lading, dock receipts, air waybills, house air waybills, shipper's letters of instructions and delivery receipts.

### ELEVENTH AFFIRMATIVE DEFENSE

15. Plaintiff has failed to make a timely notice of claim and therefore, the instant action is barred as a matter of law and/or the actions are barred by applicable statute of limitations.

### TWELFTH AFFIRMATIVE DEFENSE

16. UASC states that plaintiff failed to provide proper instructions for the handling of the cargo.

### THIRTEETH AFFIRMATIVE DEFENSE

17. UASC claims the benefit of all exculpatory clauses or other similar provisions limiting its liability, as contained within the express terms and conditions of documents issued with regard to the subject shipment and/or any other documents deemed as contracts of

carriage, to $500 per package and expressly excluding liability for matters sued upon herein.

### FOURTEETH AFFIRMATIVE DEFENSE

18. Plaintiff's claims are subject to the provisions of the United States Carriage of Goods by Sea Act of 1936, 46 U.S.C. Appx. Section 1300, et seq., the General Maritime Law and/or the Warsaw Convention, 49 Stat. 3000, et seq. and/or the Carmack Amendment, 49 U.S.C. Section 11706 or 14706.

### FIFTEENTH AFFIRMATIVE DEFENSE

19. UASC states that it is not responsible or liable for the action or inaction of any independent contractor.

### SIXTEENTH AFFIRMATIVE DEFENSE

20. The claims asserted by Plaintiff are barred in whole or in part to the extent that it seeks the recovery of consequential damages, ancillary damages and/or economic losses.

### SEVENTEENTH AFFIRMATIVE DEFENSE

21. Defendant UASC is not a "carrier" as that term is defined pursuant to the applicable federal statute governing the transportation of goods for hire and cannot held liable to plaintiff's claim for cargo loss or damage.

### EIGHTEENTH AFFIRMATIVE DEFENSE

22. This Court lacks personal jurisdiction over defendant UASC in this matter.

### NINETEENTH AFFIRMATIVE DEFENSE

23. This dispute is not properly venued in the U.S. District Court for the Southern District of New York in that the shipment in question did not travel through the State of New York, none of the operative facts and witnesses are located within this district and

plaintiff's alleged damage would have occurred in or around the area of Port Newark, New Jersey.

### TWENTIETH AFFIRMATIVE DEFENSE

24. Forum non conveniens.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

25. Defendant UNITED ARAB SHIPPING COMPANY (S.A.G.) is an agency or instrumentality of a foreign state as those terms are defined pursuant to the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. Sec. 1603(b), and as such, are entitled to all the benefits, defenses and protections afforded by the FSIA.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

26. Pursuant to 28 U.S.C. Sec. 1441(d), all claims, cross claims or counterclaims asserted by or against defendants UNITED ARAB SHIPPING COMPANY (S.A.G.) shall be tried by this Court without a jury.

### CROSS CLAIM

### AS AND FOR UASC'S CROSS CLAIM AGAINST CO-DEFENDANT APM TERMINALS

COMES NOW, defendant UNITED ARAB SHIPPING CO. (S.A.G.) (hereinafter referred to as "UASC"), by and through its counsel and pursuant to Rule 13 of the Federal Rules of Civil Procedure, files this Cross Claim against co-defendant APM TERMINALS (hereinafter referred to herein as "co-defendant" or "APM"), and alleges:

1. This Court has jurisdiction of this action ancillary to the main action in the above-numbered cause

2. Co-defendant was, and is, a ocean terminal operator which is in the business of handling cargo going to or from ocean going vessels at its facility in Port Newark and is located at Elizabeth, New Jersey.

3. According to plaintiff's allegations, the plaintiff's subrogor was at all time herein mentioned, and still is, the owner of certain property which was to be shipped from Jebel Ali, Dubai on or about June 8, 2007 for delivery to New York, New York on or about July 11, 2007.

4. Plaintiff alleges that the refrigerated container No. HJCU6084001 failed to operate properly because its reefer unit was without power for a period of time.

5. Plaintiff further alleges that the temperature inside the container rose above -18C as required under the applicable bill of lading, causing cargo to become damaged.

6. If the cargo was exposed to improper temperatures, and that exposure to improper temperatures caused the cargo to become damaged—which is denied—then cargo was in the exclusive care, custody and control of APM and its employees, agents or servants.

7. All conditions precedent to this action have occurred.

### AS AND FOR UASC'S FIRST CAUSE OF ACTION
### (CONTRIBUTION AND INDEMNITY)

8. UASC, hereby repeats and realleges Paragraphs "1" through "7" of this cross claim, as if fully set forth herein.

9. Plaintiff asserts, in the underlying Complaint, that UASC is liable for damages incurred as a result of the loss of a shipment of cargo purportedly entrusted to the co-defendants in this action. UASC denies any liability thereunder; however, in the event that UASC is found liable, it would show that plaintiff's damages resulted from the co-defendants' failure to comport with standard of care accepted in the industry, and/or resulted from said co-

defendants' breach of statutory and/or contractual obligations to safely arrange for and/or deliver the goods which were entrusted to the co-defendants' custody and/or control.

10. In particular, co-defendant agreed to set the temperature for the reefer unit of the container for the cargo at -18C, but plaintiff alleges that the temperature was allowed to rise above that temperature while in the exclusive care, custody and control of co-defendant.

11. UASC has been forced to retain the undersigned counsel to defend it in this action, and has incurred, and will continue to incur, attorneys' fees, as a result of the action or inaction of the co-defendants herein.

12. In the event that plaintiff's damages resulted from the negligence, breach of contract, or breach of some other duty by the co-defendants, all actions by UASC were merely constructive, technical, vicarious, subordinate, and/or passive and therefore, UASC is entitled to contribution and/or indemnity, equitable or otherwise, from the co-defendant, in an amount equal to the sum of any judgment, together with any attorneys' fees and disbursements of this action.

### AS AND FOR UASC'S SECOND CAUSE OF ACTION
### (BREACH OF CONTRACT)

13. UASC hereby repeats and realleges paragraphs "1" through "12" of this cross claim, as if fully set forth herein.

14. Plaintiff asserts, in the underlying Complaint, that UASC is liable for damages incurred, as a result of damages to a shipment of cargo purportedly entrusted to co-defendants in said action. UASC denies any liability thereunder; however, in the event that UASC is found liable, it would show that plaintiff's damages resulted from co-defendants' failure to comport with standards of care accepted in said industry, and/or resulted from said co-

defendants' breach of statutory and/or contractual obligations to safely arrange for and/or deliver the goods which were entrusted to the co-defendants' custody and/or control.

15. Co-defendant entered into contracts of carriage, or contracts incident to carriage with UASC or UASC's agents, which provided for the exercise of due care in the arrangement and/or procurement and/or movement of the subject cargo.

16. Co-defendant breached these contractual obligations by failing to deliver in good order and condition the subject cargo, and/or failing to meet its contractual duty by selecting and/or arranging for the movement of said goods.

17. In particular, co-defendant breached its contractual obligations by failing to maintain the temperature of the reefer unit of the container at -18C as stated in the relevant transportation documentation.

18. UASC has been forced to retain the undersigned counsel to defend it in this action, and has incurred, and will continue to incur, attorneys' fees as a result of the actions of the co-defendant herein.

19. Should the co-defendants 'breach of its duties, contractual or otherwise, proximately result in a judgment against UASC, UASC shall be entitled to recovery for said breach, as against said co-defendant, for the amount of said judgment and any other resultant consequential damages, including the costs and fees associated with the defense and prosecution of this action.

## AS AND FOR UASC'S THIRD CAUSE OF ACTION
### (NEGLIGENCE)

20. UASC hereby repeats and realleges paragraphs "1" through "19" of the cross claim, as if fully set forth herein.

21. Plaintiff asserts, in the underlying Complaint, that UASC is liable for damages incurred, as a result of damages to a shipment of cargo purportedly entrusted to defendant in said action. UASC denies any liability thereunder; however, in the event that UASC is found liable, it would show that plaintiff's damages resulted from co-defendant's failure to comport with standards of care accepted in said industry, and/or resulted from said co-defendant's breach of statutory and/or contractual obligations to safely arrange for and/or deliver the goods which were entrusted to the co-defendant's custody and/or control.

22. UASC has been forced to retain the undersigned counsel to defend it in this action, and has incurred, and will continue to incur, attorneys' fees as a result of the actions of the co-defendants herein.

23. Should the co-defendant's breach of its duties of care, as imposed by industry standards and/or statute and/or otherwise, proximately result in a judgment against UASC, UASC shall be entitled to recovery for said negligence, as against said co-defendants, for the amount of said judgment and any other resultant consequential damages, including the costs and fees associated with the defense and prosecution of this action.

WHEREFORE, defendant UNITED ARAB SHIPPING CO. (S.A.G.) respectfully requests that this Court dismiss the complaint filed in this action, together with costs and disbursements, including reasonable attorneys fees and expenses, and enter a judgment, as against co-defendant APM TERMINALS, for each of the causes of actions asserted in this cross claim, together with an award of attorneys' fees, costs and any other further relief that justice requires.

Dated: August 4, 2008
      New York, New York

                        COZEN O'CONNOR
                        Attorneys for Defendant
                        UNITED ARAB SHIPPING CO. (S.A.G.)

                        By: _____
                        David Y. Loh (DL 0460)
                        45 Broadway Atrium, Suite 1600
                        New York, New York 10006-3792
                        Tel: (212) 509-9400
                        Fax: (212) 509-9492
                        File No.: 224670

TO:

Martin F. Casey, Esq.
CASEY & BARNETT, LLC
317 Madison Avenue, 21st Floor
New York, New York 10017

Randolph H. Donatelli, Esq.
CICHANOWICZ, CALLAN, KEANE,
VENGROW & TEXTOR, LLP
61 Broadway, Suite 3000
New York, New York 10006-2802

Michael Fernandez, Esq.
FREEHILL HOGAN & MAHAR
80 Pine Street
New York, New York 10005-1759

NEWYORK_DOWNTOWN\394603\1   224670.000