AO 4401 (Rev. 8/01) Third Party Summons in a Civil Action

# UNITED STATES DISTRICT COURT

SOUTHERN | District of | NEW YORK

PLAINTIFF

INDEMNITY INSURANCE COMPANY OF NORTH

V. DEFENDANT AND THIRD PARTY PLAINTIFF

UNITED ARAB SHIPPING CO. (S.A.G.), et al

**THIRD PARTY SUMMONS IN A CIVIL ACTION**

Case Number:  08 Civ. 5266

V. THIRD PARTY DEFENDANT

UNIVERSAL MARITIME SERVICE CORP.

To:  Name and address of Defendant

UNIVERSAL MARITIME SERVICE CORP., 300 Western Ave, Staten Island, NY 10303

### YOU ARE HEREBY SUMMONED and required to serve on

PLAINTIFF'S ATTORNEY (name and address)

Martin F. Case
Casey & Barnett LLC
317 Madison Avenue, 21st Floor
New York, New York  10017

DEFENDANT AND THIRD-PARTY PLAINTIFF'S ATTORNEY
(name and address)

David Y. Loh, Esq.
Cozen O'Connor
45 Broadway, 16th Floor
New York, New York 10006

an answer to the complaint which is served on you with this summons, within ___20 days___ days after the service of this summons on you, exclusive of the day of service.  If you fail to do so, judgment by default may be taken against you for the relief demanded in the third-party complaint.  There is also served on you with this summons a copy of the complaint of the plaintiff.  You have the option of answering or not answering the plaintiff's complaint, *unless* (1) this is a case within Rule 9(h) Federal Rules of Civil Procedure, *and* (2) the third-party plaintiff is demanding judgment against you in favor of the original plaintiff under the circumstances described in Rule 14(c) Federal Rules of Civil Procedure, in which situation you are required to make your defenses, if any, to the claim of plaintiff as well as to the claim of the third-party plaintiff.  Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

CLERK **MICHAEL McMAHON**

August 4, 2008   AUG – 5 2008

DATE

(By) DEPUTY CLERK

AO 441 (Rev. 8/01) Third Party Summons in a Civil Action

| RETURN OF SERVICE | | |
|---|---|---|
| Service of the Summons and complaint was made by me[1] | | DATE |
| NAME OF SERVER | | TITLE |

*Check one box below to indicate appropriate method of service*

☐        Served personally upon the third-party defendant.  Place where served:

☐        Left copies thereof at the third-party defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

            Name of person with whom the summons and complaint were left:

☐        Returned unexecuted:

☐        Other (specify):

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL<br>$0.00 |

### DECLARATION OF SERVER

       I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on     _____     _____
                         Date                       *Signature of Server*

                                         _____
                                         *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

COZEN O'CONNOR
45 Broadway Atrium, Suite 1600
New York, New York 10006-3792
Tel: (212) 509-9400
David Y. Loh (DYL 0460)

Attorneys for Defendant and Third Party Plaintiff
UNITED ARAB SHIPPING CO. (S.A.G.)
File: 224670

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------X

INDEMNITY INSURANCE COMPANY OF NORTH
AMERICA a/s/o DARIK ENTERPRISES, INC.,                       **08 Civ. 5266 (PKC)**

                   Plaintiff,

    -against-

M/V ASIR, her engines, boilers, tackle, apparel, etc, *in rem*;
HANJIN SHIPPING CO., LTD.; UNITED ARAB
SHIPPING CO (S.A.G.) and APM TERMINALS, in
personam,

                  Defendants,

          -and-

HANJIN SHIPPING CO., LTD.,

                 Defendant and Third-Party Plaintiff,

    -against-

UNIVERSAL MARITIME SERVICE CORP.

               Third-Party Defendant.

-------------------------------------------------------------------------X

### <u>AFFIDAVIT OF SERVICE</u>

STATE OF NEW YORK    )
                    ) ss:
COUNTY OF NEW YORK  )

       Evelyn A. Ortiz, being duly sworn, deposes and says:

       I am not a party to this action, am over 18 years of age, and reside in East Stroudsburg, PA.
On August 4, 2008, I served the within **Third Party Summons and Complaint** by depositing a true copy
thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of
the United States Postal Service, addressed to the following counsel at the addresses set forth below:

Martin F. Casey, Esq.
CASEY & BARNETT, LLC
317 Madison Avenue – 21st Floor
New York, New York 10017
(212) 286-0225

Michael Fernandez, Esq.
FREEHILL HOGAN & MAHAR
80 Pine Street
New York, New York 10005-1759

Randolph H. Donatelli, Esq.
CICHANOWICZ, CALLAN, KEANE,
VENGROW & TEXTOR, LLP
61 Broadway – Suite 3000
New York, New York 10006-2802

Evelyn A. Ortizr

Sworn to before me this 4th day
of August 4, 2008.

Notary Public

CHRISTOPHER RALEIGH
Notary Public, State of New York
No. 02RA4800776
Qualified in New York County
Commission Expires August 10, 2010

2

COZEN O'CONNOR
45 Broadway Atrium, Suite 1600
New York, New York 10006-3792
Tel: (212) 509-9400
David Y. Loh (DYL 0460)

Attorneys for Defendant and Third Party Plaintiff
UNITED ARAB SHIPPING CO. (S.A.G.)
File: 224670



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
INDEMNITY INSURANCE COMPANY OF NORTH
AMERICA a/s/o DARIK ENTERPRISES, INC.,

                        Plaintiff,                                  **08 Civ. 5266 (PKC)**

        -against-                                                   **UASC's THIRD-PARTY
                                                                    COMPLAINT**

M/V ASIR, her engines, boilers, tackle, apparel, etc, *in rem*;
HANJIN SHIPPING CO., LTD.; UNITED ARAB
SHIPPING CO (S.A.G.) and APM TERMINALS, in
personam,

                        Defendants,

                        -and-

HANJIN SHIPPING CO., LTD.,

                        Defendant and Third-Party Plaintiff,

        -against-

UNIVERSAL MARITIME SERVICE CORP.

                        Third-Party Defendant.
------------------------------------------------------------------------X

        Defendant and third-party plaintiff, UNITED ARAB SHIPPING CO (S.A.G.), by its

attorneys, COZEN O'CONNOR, for its Third-Party Complaint against Universal Maritime

Service Corp. ("Universal"), alleges upon information and belief as follows:

1.  This is an admiralty and maritime action within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 U.S.C. §1333. In the alternative, there is subject matter jurisdiction under 28 U.S.C. §1367 and/or 28 U.S.C. §1337.

2.  This third-party action is brought pursuant to Rule 14 (a) and Rule 14(c) of the Federal Rules of Civil Procedure.

3.  Attached hereto as Exhibit "A" is a copy of plaintiff's complaint.

4.  Attached hereto as Exhibit "B" is a copy of UASC's answer.

5.  Universal was at all times relevant hereto a corporation or other legal entity organized and existing under the laws of one of the United States and is subject to the jurisdiction of this Court.

6.  Plaintiff's complaint alleges temperature damage to a cargo of lobster tails transported in reefer container HJCU6084001 by sea from Dubai (Jebel Ali) to APM Terminals in Elizabeth, New Jersey. Plaintiff's complaint seeks damages in the principal amount of US $58,879.000.

7.  UASC is the vessel owner or operator of the ocean going vessel on which reefer container No. HJCU6084001 traveled from Jebel Ali, Dubai to APM Terminals in Port Newark located in Elizabeth, New Jersey.

8.  Plaintiff alleges that the cargo damage occurred as a result of the reefer container not receiving any power while at the APM Terminal.

9.  If the shipment was damages as alleged in plaintiff's complaint, then such damage was caused in whole or in part by the acts, omissions, fault, negligence, breach of contract, and/or breach of warranty, express or implied, of Universal and/or its servants and/or agents.

10. Therefore, if plaintiff recovers from UASC, whether by settlement or judgment, then UASC is entitled to contribution and/or indemnity from Universal, together with all costs including attorneys' fees.

WHEREFORE, UASC prays for the following:

a)  That process in due form of law according to the rules and practices of this Court may issue against Universal requiring Universal to appear and answer this third-party complaint;

b)  That Universal be adjudged directly liable to the plaintiff herein for any damages suffered and that it be further required to appear and answer plaintiff's complaint as provided for by Rule 14(c) of the Federal Rules of Civil Procedure;

c)  The UASC be awarded indemnity/contribution from Universal including all costs and attorneys' fee; and

3

d)    For such other and further relief as this Court deems just and proper.

Dated: New York, New York
       August  4 , 2008

                              Respectfully submitted,

                              COZEN O'CONNOR
                              Attorneys for Defendant/Third-Party Plaintiff
                              UNITED ARAB SHIPPING CO (S.A.G.)

                    By: _____
                              David Y. Loh (DYL 0460)
                              45 Broadway – 16th Floor
                              New York, New York  10006
                              Telephone No.:  (212) 509-9400
                              Fax No.:        (212) 509-9492
                              dloh@cozen. com
                              Our File No.:  224670

# Exhibit A

JUDGE CASTEL

**'08 CIV 5266**

Martin F. Casey (MFC-1415)
**CASEY & BARNETT, LLC**
317 Madison Avenue, 21st Floor
New York, New York 10017
(212) 286-0225
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------X

INDEMNITY INSURANCE COMPANY OF
NORTH AMERICA a/s/o DARIK ENTERPRISES,
INC.                                                                    08 Civ.

        Plaintiff,                                           **COMPLAINT**

        - against -

M/V ASIR, her engines, boilers, tackle, apparel, etc., *in
rem*; HANJIN SHIPPING CO., LTD.; UNITED
ARAB SHIPPING CO (S.A.G.) and APM
TERMINALS, *in personam*,

        Defendants.

-------------------------------------------------------X

       Plaintiff, by its attorneys, CASEY & BARNETT, LLC, for its Complaint, alleges upon

information and belief as follows:

       1.     This is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333.

       2.     At all material times, INDEMNITY INSURANCE COMPANY OF NORTH

AMERICA (hereinafter "INA" or "Plaintiff") was and is a corporation organized and existing by

virtue of the laws of a foreign state with an office and place of business located at 140

Broadway, 40th Floor, New York, New York 10005 and is the subrogated cargo underwriter of

Darik Enterprises, Inc.

3.     At all material times, DARIK ENTERPRISES, INC. (hereinafter "Darik") was and is a corporation with an office and place of business located at 71-15 51st Avenue, Woodside, New York 11377 and was the consignee, owner and/or assured of the consignment of frozen raw rock lobster tails laden on board the M/V ASIR, as more fully described below.

4.     At all material times, defendant, HANJIN SHIPPING CO., LTD. (hereinafter "Hanjin") was and is a foreign corporation with an office and place of business located at 80 East Route 4, Suite 490, Paramus, New Jersey 07652 and owns, operates, manages and/or charters ocean-going vessels, including the M/V ASIR (hereinafter "vessel"), that operate between various foreign and domestic ports and, in particular, within this district and was the charterer, and/or operator of the M/V ASIR, and at all relevant times, was and is doing business within the jurisdiction of this Honorable Court.

5.     At all material times, defendant, UNITED ARAB SHIPPING CO (S.A.G.) (hereinafter "UAS") was and is a foreign corporation with an office and place of business located at 511 South Avenue East, Cranford, New Jersey 07016 and owns, operates, manages and/or charters ocean-going vessels, including the M/V ASIR (hereinafter "vessel"), that operate between various foreign and domestic ports and, in particular, within this district and was the owner, bareboat owner, manager charterer, and/or operator of the M/V ASIR, and at all relevant times, was and is doing business within the jurisdiction of this Honorable Court.

6.     At all material times, defendant, APM TERMINALS (hereinafter "APM") was and is a foreign corporation with an office and place of business located at 5080 McLester Street, Elizabeth, New Jersey 07207 and at all relevant times was and is doing business in this jurisdiction as an operator of container terminals.

2

7.      At all material times, the M/V ASIR was and is an oceangoing vessel built in 1998, that is flagged in Saudi Arabia and engages in the common carriage of cargoes on the high seas and may be within the jurisdiction of this Honorable Court during the pendency of process hereunder.

8.      On or about June 8, 2007, a consignment consisting of 812 cartons of frozen raw rock lobster tails laden into container number HJCU6084001, then being in good order and condition, was delivered to the *in personam* defendants, their employees and/or agents and the M/V ASIR at the port of Jebel Ali, Dubai, United Arab Emirates for transportation to New York, New York, U.S.A., in consideration of an agreed freight pursuant to Hanjin bill of lading number HJSCJXBA01385801 dated June 8, 2007.

9.      Thereafter, the aforementioned consignment was loaded aboard the M/V ASIR, Hanjin bill of lading number HJSCJXBA01385801 was issued, and the vessel sailed for the intended port of destination.

10.     On or about July 11, 2007 the consignment arrived at the port of New York, New York, U.S.A.

11.     Upon delivery of the cargo to the consignee, it was discovered that the consignment was not in the same good order and condition as when received by the defendants, but instead had suffered physical damage due to exposure to higher than optimum temperatures.

12.     The damage to the aforementioned cargo was not the result of any act or omission of the plaintiff but, to the contrary, was due solely as the result of the negligence, fault, neglect, breach of contract of carriage and bailment on the part of the defendants.

3

13.    By reason of the foregoing, plaintiff has been sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $58,879.00.

14.    At all times relevant hereto, a contract of insurance for property damage was in effect between Darik and INA, which provided coverage for, among other things, loss or damage to the consignment.

15.    Pursuant to the aforementioned contract of insurance between Darik and INA, monies have been expended on behalf of Darik to the detriment of INA due to the damages sustained during transit.

16.    As INA has sustained damages as a result of said expenditures, expenditures rightly the responsibility of the defendants, INA has an equitable right of subrogation and is subrogated, to the extent of its expenditures, to the rights of its insured with respect to any and all claims for damages of against the defendant.

17.    Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignments, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

18.    Plaintiff and its predecessors in title have performed all of the conditions precedent on their part to be performed under the terms of the said contract.

19.    Plaintiff has a maritime lien against the M/V ASIR for the damages referred to herein and will enforce that lien in these proceedings.

20.    All and singular the matters alleged herein are true and correct. Plaintiff reserves the right to amend and supplement this complaint, as further facts become available.

4

**WHEREFORE, Plaintiff prays:**

1.     In rem service of process be issued against the M/V ASIR, her engines, boilers, tackle, furniture, apparel, etc.; that the vessel be seized and that all those claiming an interest in her be cited to appear and answer under oath both all and singular the matters aforesaid;

2.     The M/V ASIR, her engines, boilers, tackle, furniture, apparel, etc., be condemned and sold to satisfy the judgments herein in favor of plaintiff;

3.     The Court order, adjudge and decree that defendants HANJIN SHIPPING CO., LTD., UNITED ARAB SHIPPING CO (S.A.G.), APM TERMINALS, and the M/V ASIR be found joint and severally liable and pay to plaintiff the losses sustained herein, together with pre-judgment and post judgment interest thereon and their costs; and,

4.     That this Court grant to plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
      June 9, 2008
      115-926

                              CASEY & BARNETT, LLC
                              Attorneys for Plaintiff

             By:    *Martin F. Casey*

                              Martin F. Casey (MFC-1415)
                              317 Madison Avenue, 21st Floor
                              New York, New York 10017
                              (212) 286-0225

# Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X

INDEMNITY INSURANCE COMPANY OF             Docket No. 08 Civ. 5266 (PKC)
NORTH AMERICA a/s/o Darik Enterprises,
Inc.

                            Plaintiff,

            -against-                                **UASC'S ANSWER**
                                                     **AND CROSS CLAIM**

M/V "ASIR," her engines, boilers, tackle,
apparel, etc., *in rem*; HANJIN SHIPPING CO.,
LTD.; UNITED ARAB SHIPPING CO.
(S.A.G.) and APM TERMINALS, *in personam*;

                            Defendant(s).
--------------------------------------------------------------X

        Defendant UNITED ARAB SHIPPING CO. (hereinafter referred to as

"UASC"), by its attorneys COZEN O'CONNOR, answering plaintiff's Complaint, says as

follows:

   1.  Denies knowledge or information sufficient to form a belief as to the truth of the

       allegations contained in paragraph "1" of the Complaint, and respectfully refers all

       questions of law for determination by this Court at time of trial.

   2.  Denies knowledge or information sufficient to form a belief as to the truth of the

       allegations contained in paragraphs "2", "3" and "4" of the Complaint

   3.  Admits that UASC is a foreign sovereign corporation organized under the laws of

       Kuwait with a principal place of business located in Kuwait, and is in the business of

       owning and operating ocean going vessels used for the transportation of various cargoes

       throughout the world, but except as specifically admitted, denies knowledge or

       information sufficient to form a belief as to the truth of the remaining allegations

       contained in paragraph "5" of the Complaint.

                                    1

4.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "6", "7", "8", "9", "10", "11", "12", "13", "14", "15", "16", "17", "18", "19" and "20", and respectfully refers all questions of law for determination by this Court at time of trial.

### FIRST AFFIRMATIVE DEFENSE

5.   Plaintiff has failed to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

6.   Plaintiff is not the real party in interest.

### THIRD AFFIRMATIVE DEFENSE

7.   Defendant UASC is an agent for a disclosed principal.

### FOURTH AFFIRMATIVE DEFENSE

8.   Plaintiff is barred as it has assumed all risks inherent in the subject shipment.

### FIFTH AFFIRMATIVE DEFENSE

9.   The occurrence and damages, if any, sustained by plaintiff, resulted wholly and solely from the fault, neglect and want of care of plaintiff or persons and parties other than UASC for whose acts said Defendant is not liable or responsible, and was not the result of any negligence, breach of contract, fault of want of care on the part of UASC.

### SIXTH AFFIRMATIVE DEFENSE

10. Plaintiff's claims are barred by the equitable principals of waiver, estoppel, accord and satisfaction and laches.

### SEVENTH AFFIRMATIVE DEFENSE

11. UASC operates under certain standard terms and conditions.  All of these terms and conditions are hereby incorporated by reference and govern the shipment which is the

subject of this action. The terms and conditions provides the specific bar to plaintiff's claims and exonerate defendant, UASC in part from liability not to exceed a certain value of the cargo which is lost or damaged.

## EIGHTH AFFIRMATIVE DEFENSE

12. Any loss or damage as alleged arose from acts or omissions of agents of plaintiff for which UASC has no liability.

## NINTH AFFIRMATIVE DEFENSE

13. Plaintiff has failed to name necessary and indispensable parties to this action.

## TENTH AFFIRMATIVE DEFENSE

14. Plaintiff's claims are barred by documents issued with respect to the subject shipment including, but not limited to, bills of lading, dock receipts, air waybills, house air waybills, shipper's letters of instructions and delivery receipts.

## ELEVENTH AFFIRMATIVE DEFENSE

15. Plaintiff has failed to make a timely notice of claim and therefore, the instant action is barred as a matter of law and/or the actions are barred by applicable statute of limitations.

## TWELFTH AFFIRMATIVE DEFENSE

16. UASC states that plaintiff failed to provide proper instructions for the handling of the cargo.

## THIRTEETH AFFIRMATIVE DEFENSE

17. UASC claims the benefit of all exculpatory clauses or other similar provisions limiting its liability, as contained within the express terms and conditions of documents issued with regard to the subject shipment and/or any other documents deemed as contracts of

3

carriage, to $500 per package and expressly excluding liability for matters sued upon herein.

## FOURTEETH AFFIRMATIVE DEFENSE

18. Plaintiff's claims are subject to the provisions of the United States Carriage of Goods by Sea Act of 1936, 46 U.S.C. Appx. Section 1300, et seq., the General Maritime Law and/or the Warsaw Convention, 49 Stat. 3000, et seq. and/or the Carmack Amendment, 49 U.S.C. Section 11706 or 14706.

## FIFTEENTH AFFIRMATIVE DEFENSE

19. UASC states that it is not responsible or liable for the action or inaction of any independent contractor.

## SIXTEENTH AFFIRMATIVE DEFENSE

20. The claims asserted by Plaintiff are barred in whole or in part to the extent that it seeks the recovery of consequential damages, ancillary damages and/or economic losses.

## SEVENTEENTH AFFIRMATIVE DEFENSE

21. Defendant UASC is not a "carrier" as that term is defined pursuant to the applicable federal statute governing the transportation of goods for hire and cannot held liable to plaintiff's claim for cargo loss or damage.

## EIGHTEENTH AFFIRMATIVE DEFENSE

22. This Court lacks personal jurisdiction over defendant UASC in this matter.

## NINETEENTH AFFIRMATIVE DEFENSE

23. This dispute is not properly venued in the U.S. District Court for the Southern District of New York in that the shipment in question did not travel through the State of New York, none of the operative facts and witnesses are located within this district and

4

plaintiff's alleged damage would have occurred in or around the area of Port Newark, New Jersey.

### TWENTIETH AFFIRMATIVE DEFENSE

24. Forum non conveniens.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

25. Defendant UNITED ARAB SHIPPING COMPANY (S.A.G.) is an agency or instrumentality of a foreign state as those terms are defined pursuant to the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. Sec. 1603(b), and as such, are entitled to all the benefits, defenses and protections afforded by the FSIA.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

26. Pursuant to 28 U.S.C. Sec. 1441(d), all claims, cross claims or counterclaims asserted by or against defendants UNITED ARAB SHIPPING COMPANY (S.A.G.) shall be tried by this Court without a jury.

### CROSS CLAIM

### AS AND FOR UASC'S CROSS CLAIM AGAINST CO-DEFENDANT APM TERMINALS

COMES NOW, defendant UNITED ARAB SHIPPING CO. (S.A.G.) (hereinafter referred to as "UASC"), by and through its counsel and pursuant to Rule 13 of the Federal Rules of Civil Procedure, files this Cross Claim against co-defendant APM TERMINALS (hereinafter referred to herein as "co-defendant" or "APM"), and alleges:

1. This Court has jurisdiction of this action ancillary to the main action in the above-numbered cause

2.  Co-defendant was, and is, a ocean terminal operator which is in the business of handling cargo going to or from ocean going vessels at its facility in Port Newark and is located at Elizabeth, New Jersey.

3.  According to plaintiff's allegations, the plaintiff's subrogor was at all time herein mentioned, and still is, the owner of certain property which was to be shipped from Jebel Ali, Dubai on or about June 8, 2007 for delivery to New York, New York on or about July 11, 2007.

4.  Plaintiff alleges that the refrigerated container No. HJCU6084001 failed to operate properly because its reefer unit was without power for a period of time.

5.  Plaintiff further alleges that the temperature inside the container rose above -18C as required under the applicable bill of lading, causing cargo to become damaged.

6.  If the cargo was exposed to improper temperatures, and that exposure to improper temperatures caused the cargo to become damaged—which is denied—then cargo was in the exclusive care, custody and control of APM and its employees, agents or servants.

7.  All conditions precedent to this action have occurred.

## AS AND FOR UASC'S FIRST CAUSE OF ACTION
### (CONTRIBUTION AND INDEMNITY)

8.  UASC, hereby repeats and realleges Paragraphs "1" through "7" of this cross claim, as if fully set forth herein.

9.  Plaintiff asserts, in the underlying Complaint, that UASC is liable for damages incurred as a result of the loss of a shipment of cargo purportedly entrusted to the co-defendants in this action. UASC denies any liability thereunder; however, in the event that UASC is found liable, it would show that plaintiff's damages resulted from the co-defendants' failure to comport with standard of care accepted in the industry, and/or resulted from said co-

6

defendants' breach of statutory and/or contractual obligations to safely arrange for and/or

deliver the goods which were entrusted to the co-defendants' custody and/or control.

10. In particular, co-defendant agreed to set the temperature for the reefer unit of the container

for the cargo at -18C, but plaintiff alleges that the temperature was allowed to rise above

that temperature while in the exclusive care, custody and control of co-defendant.

11. UASC has been forced to retain the undersigned counsel to defend it in this action, and has

incurred, and will continue to incur, attorneys' fees, as a result of the action or inaction of

the co-defendants herein.

12. In the event that plaintiff's damages resulted from the negligence, breach of contract, or

breach of some other duty by the co-defendants, all actions by UASC were merely

constructive, technical, vicarious, subordinate, and/or passive and therefore, UASC is

entitled to contribution and/or indemnity, equitable or otherwise, from the co-defendant, in

an amount equal to the sum of any judgment, together with any attorneys' fees and

disbursements of this action.

### AS AND FOR UASC'S SECOND CAUSE OF ACTION
### (BREACH OF CONTRACT)

13. UASC hereby repeats and realleges paragraphs "1" through "12" of this cross claim, as if

fully set forth herein.

14. Plaintiff asserts, in the underlying Complaint, that UASC is liable for damages incurred, as

a result of damages to a shipment of cargo purportedly entrusted to co-defendants in said

action. UASC denies any liability thereunder; however, in the event that UASC is found

liable, it would show that plaintiff's damages resulted from co-defendants' failure to

comport with standards of care accepted in said industry, and/or resulted from said co-

defendants' breach of statutory and/or contractual obligations to safely arrange for and/or deliver the goods which were entrusted to the co-defendants' custody and/or control.

15. Co-defendant entered into contracts of carriage, or contracts incident to carriage with UASC or UASC's agents, which provided for the exercise of due care in the arrangement and/or procurement and/or movement of the subject cargo.

16. Co-defendant breached these contractual obligations by failing to deliver in good order and condition the subject cargo, and/or failing to meet its contractual duty by selecting and/or arranging for the movement of said goods.

17. In particular, co-defendant breached its contractual obligations by failing to maintain the temperature of the reefer unit of the container at -18C as stated in the relevant transportation documentation.

18. UASC has been forced to retain the undersigned counsel to defend it in this action, and has incurred, and will continue to incur, attorneys' fees as a result of the actions of the co-defendant herein.

19. Should the co-defendants 'breach of its duties, contractual or otherwise, proximately result in a judgment against UASC, UASC shall be entitled to recovery for said breach, as against said co-defendant, for the amount of said judgment and any other resultant consequential damages, including the costs and fees associated with the defense and prosecution of this action.

## AS AND FOR UASC'S THIRD CAUSE OF ACTION
### (NEGLIGENCE)

20. UASC hereby repeats and realleges paragraphs "1" through "19" of the cross claim, as if fully set forth herein.

21. Plaintiff asserts, in the underlying Complaint, that UASC is liable for damages incurred, as a result of damages to a shipment of cargo purportedly entrusted to defendant in said action. UASC denies any liability thereunder; however, in the event that UASC is found liable, it would show that plaintiff's damages resulted from co-defendant's failure to comport with standards of care accepted in said industry, and/or resulted from said co-defendant's breach of statutory and/or contractual obligations to safely arrange for and/or deliver the goods which were entrusted to the co-defendant's custody and/or control.

22. UASC has been forced to retain the undersigned counsel to defend it in this action, and has incurred, and will continue to incur, attorneys' fees as a result of the actions of the co-defendants herein.

23. Should the co-defendant's breach of its duties of care, as imposed by industry standards and/or statute and/or otherwise, proximately result in a judgment against UASC, UASC shall be entitled to recovery for said negligence, as against said co-defendants, for the amount of said judgment and any other resultant consequential damages, including the costs and fees associated with the defense and prosecution of this action.

WHEREFORE, defendant UNITED ARAB SHIPPING CO. (S.A.G.) respectfully requests that this Court dismiss the complaint filed in this action, together with costs and disbursements, including reasonable attorneys fees and expenses, and enter a judgment, as against co-defendant APM TERMINALS, for each of the causes of actions asserted in this cross claim, together with an award of attorneys' fees, costs and any other further relief that justice requires.

Dated:  August 4, 2008
        New York, New York

                            COZEN O'CONNOR
                            Attorneys for Defendant
                            UNITED ARAB SHIPPING CO. (S.A.G.)

                            By:
                            David Y. Loh (DL 0460)
                            45 Broadway Atrium, Suite 1600
                            New York, New York  10006-3792
                            Tel: (212) 509-9400
                            Fax:  (212) 509-9492
                            File No.: 224670

TO:

Martin F. Casey, Esq.
CASEY & BARNETT, LLC
317 Madison Avenue, 21st Floor
New York, New York  10017

Randolph H. Donatelli, Esq.
CICHANOWICZ, CALLAN, KEANE,
VENGROW & TEXTOR, LLP
61 Broadway, Suite 3000
New York, New York  10006-2802

Michael Fernandez, Esq.
FREEHILL HOGAN & MAHAR
80 Pine Street
New York, New York  10005-1759

NEWYORK_DOWNTOWN\394603\1  224670.000

10