FREEHILL HOGAN & MAHAR, LLP
Attorneys for Defendant
APMT TERMINALS
80 Pine Street
New York, NY 10005
Telephone: (212) 425-1900 / Facsimile: (212) 425-1901
Michael Fernandez (MF 4514)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
INDEMNITY INSURANCE COMPANY OF
NORTH AMERICA a/s/o DARIK ENTERPRISES,
INC.,

       Plaintiff,

 -against-

M/V ASIR, her engines, boilers, tackle, apparel, etc. *in rem;* HANJIN SHIPPING CO., LTD.; UNITED ARAB SHIPPING CO. (S.A.G.) and APMT TERMINALS, *in persona.*,

       Defendants.
------------------------------------------------------------------x

08 CV 5266 (PKC)

**ANSWER & CROSS CLAIM**

Defendant APMT TERMINALS ("APMT") through its counsel, FREEHILL, HOGAN & MAHAR LLP, upon information and belief hereby answer the Complaint filed in this matter:

1. Admit that this action involves an admiralty and maritime claim within the meaning of Rule 9(h) with respect to carriage of the subject cargo by sea and land pursuant to bills of lading but except as so admitted deny the remaining allegations contained in Paragraph 1 of the Complaint.

2. Deny knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 2 of the Complaint.

3. Deny knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 3 of the Complaint.

4. Deny knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 4 of the Complaint.

5. Deny knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 5 of the Complaint.

6. Admits that APMT is a trade name for a foreign corporation but except as so admitted denies the remaining allegations contained in Paragraph 6 of the Complaint.

7. Deny knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 7 of the Complaint.

8. Deny knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 8 of the Complaint.

9. Deny knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 9 of the Complaint.

10. Deny knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 10 of the Complaint.

11. Deny knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 11 of the Complaint.

12. As to APMT, denies the allegations contained in Paragraph 12 of the Complaint. APMT can not answer on behalf of the other co-defendants.

13. Denies the allegations contained in Paragraph 13 of the Complaint.

14. Deny knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 14 of the Complaint.

15. Deny knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 15 of the Complaint.

16. Deny knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 16 of the Complaint.

17. Deny knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 17 of the Complaint.

18. Deny knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 18 of the Complaint.

19. Deny knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 19 of the Complaint.

20. No answer is necessary to this Paragraph of the Compliant.

**AFFIRMATIVE DEFENSES**

FIRST AFFIRMATIVE DEFENSE

21. The Complaint fails to state a claim and/or cause of action against, APMT upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

22. The shipment described in the Complaint was received, loaded, carried, discharged, and/or delivered subject to the terms, conditions, limitations, and exceptions of the United States Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. Sec. 1300 et seq., and/or the Limitation of Vessel Owner's Liability Act ("Limitation Act"), 46

U.S.C. Sec. 181 et seq., and/or the Harter Act, 46 U.S.C. Sec. 190 et seq., and/or other legislation pertinent to this carriage. If any loss, damage or shortage resulted to the goods, which is denied, it was due to a cause or causes for which, APMT is not liable by virtue of the terms of the aforementioned legislation.

<u>THIRD AFFIRMATIVE DEFENSE</u>

23. The shipment described in the Complaint was received, loaded, carried, discharged and/or delivered subject to the terms, conditions, exceptions and limitations of certain dock receipt(s), bill(s) of lading, tariff(s), charter(s) and/or contract(s) of affreightment, issued for carriage of the shipment, and by which the shipper, owner, consignee and holders of said bills of lading agreed to be and are bound. Any loss, damage or shortage to the goods, which is denied, was due to a cause or causes for which APMT is not liable by virtue of the terms of said dock receipt(s), bill(s) of lading, tariff(s), charter(s) and/or contract(s) of affreightment.

<u>FOURTH AFFIRMATIVE DEFENSE</u>

24. Any loss, damage or shortage to the goods as alleged in the Complaint, which is denied, arose or resulted from the pre-shipment condition of the goods.

<u>FIFTH AFFIRMATIVE DEFENSE</u>

25. If any loss, damage or shortage resulted to the goods as alleged in the Complaint, which is denied, APMT is not liable due to the following provisions (either singularly or in combination) of 46 U.S.C. Sec. 1304 (COGSA):

    (a)    Act, neglect, or default of the master, mariner, pilot, or the servant of the carrier in the navigation or in the management of the ship;

    (b)    Perils, dangers, and accidents of the sea or other navigable waters;

    (c)    Act of God;

    (d)    Act or omission of the shipper or owner of the goods, his agent or representative;

    (e)    Wastage in bulk or weight or any other loss or damage arising from inherent defect, quality, or vice of the goods;

    (f)    Insufficiency of packing;

    (g)    Insufficiency or inadequacy of marks;

    (h)    Latent defects not discoverable by due diligence;

    (i)    Any other cause arising without the actual fault and privity of the Defendant and without the fault or neglect of the agents or servants of the Defendant.

## SIXTH AFFIRMATIVE DEFENSE

26. Any loss or damage to the goods as alleged in the Complaint, which is denied, occurred when the goods were out of the care, custody and control of APMT.

## SEVENTH AFFIRMATIVE DEFENSE

27. Any loss or damage to the goods as alleged in the Complaint, which is denied, was caused by or contributed to by the Plaintiff and/or other third-parties, and not by APMT.

## EIGHTH AFFIRMATIVE DEFENSE

28. Plaintiff is not the real party in interest or proper Plaintiff to assert these claims.

### NINTH AFFIRMATIVE DEFENSE
29. Plaintiff has failed to include in its Complaint indispensable parties to the action.

### TENTH AFFIRMATIVE DEFENSE
30. This Court lacks in personam jurisdiction over APMT.

### ELEVENTH AFFIRMATIVE DEFENSE
31. Insufficient and/or improper service of process over APMT.

### TWELFTH AFFIRMATIVE DEFENSE
32. APMT's liability, if any, which is specifically denied, is limited by the applicable dock receipt(s), bills (s) of lading, tariff(s), charter(s) and/or contract(s) of affreightment, and/or COGSA's 46 U.S.C. 1304(5) limitation to $500 per package, or if the goods are not shipped in packages, $500 per customary freight unit.

### THIRTEENTH AFFIRMATIVE DEFENSE
33. Plaintiff failed to give timely notice of the alleged damage, loss or shortage and/or this claim is time barred as per the applicable legislation and/or terms of the subject dock receipt(s), bill(s) of lading, tariff(s), charter(s) and/or contract(s) of affreightment.

### FOURTEENTH AFFIRMATIVE DEFENSE
34. Due diligence was exercised on the part of the carrier to make the vessel and its appurtenances seaworthy, and to make all other parts of the vessel in which goods are carried, fit and safe for their reception, carriage and preservation of said shipment.

### FIFTEENTH AFFIRMATIVE DEFENSE
35. Plaintiff failed to minimize or mitigate the damages asserted in the Complaint. .

### SIXTEENTH AFFIRMATIVE DEFENSE

36. APMT is simply a trade name and has no involvement or liability regarding this matter.

### SEVENTEENTH AFFIRMATIVE DEFENSE

37. At all material times, APMT were acting in the capacity of a warehouseman and/or bailee of the subject cargo, and are entitled to all defenses, rights, immunities, privileges, and limitations arising thereunder.

### EIGHTEENTH AFFIRMATIVE DEFENSE

38. At all material times, APMT was acting as a servant, agent, contractor and/or sub-contractor for the ocean carrier, and are entitled to all contractual, statutory and common law defenses, rights, immunities, privileges, and limitations while acting in such capacity.

### NINETEENTH AFFIRMATIVE DEFENSE

39. APMT is afforded all contractual, legislative and other defenses, rights, immunities, privileges, and limitations as available to the ocean carrier by way of the Himalaya Clause contained in the ocean carrier's bill of lading.

### TWENTIETH AFFIRMATIVE DEFENSE

40. The liability of APMT is limited to $500 per package as per the applicable marine terminal operator's tariff.

### TWENTY FIRST AFFIRMATIVE DEFENSE

41. This litigation must be dismissed and/or stayed pending foreign arbitration and/or litigation as provided for in the applicable dock receipts, bills of lading, tariffs and/or contracts of affreightment.

## TWENTY SECOND AFFIRMATIVE DEFENSE

42. Plaintiff is not entitled to bring any action against APMT as per the terms and conditions of the applicable bill of lading.

## AS AND FOR CROSS-CLAIMS AGAINST THE M/V ASIR, IN REM, HANJIN SHIPPING CO. LTD, AND UNITED ARAB SHIPPING CO (S.A.G.)

43. APMT repeats and realleges each and every allegation as set forth above with the same force and effect as if herein repeated and set forth at length.

44. This Cross Claim is made strictly without prejudice to any foreign forum selection clause or defenses, limitations or other protections under the applicable bill of lading, all of which are expressly reserved.

45. To the extent the cargo referred to in the Complaint sustained any loss, damage or shortage as alleged, which is denied, such loss, damage or shortage resulted from and was caused by the acts, omissions, fault, negligence breach of contract (express or implied), and/or breach of warranty by co-defendants or their servants and/or agents.

46. Therefore, if APMT is liabile to plaintiff, whether by judgment or settlement, then APMT is entitled to indemnity and/or contribution from co-defendants, singularly or jointly, including recovery of attorneys fees and cost incurred by APMT in defending against plaintiff's claims.

**WHEREFORE,** Defendant APMT prays:

(a) That the Complaint be dismissed together with costs and expenses incurred in defense of this action;

(b) That the Court adjudge that APMT have no liability for any of the matters alleged in the Complaint;

(c) That judgment be granted in favor of the cross claims asserted by APMT;

(d) That APMT be awarded all costs including attorney'f fees; and

(e) That APMT be awarded such other, further and different relief as may be deemed just, proper and equitable in the premises.

Dated: New York, New York
August 7, 2008

                              FREEHILL, HOGAN & MAHAR LLP
                              Attorneys for Defendant
                              APMT TERMINAL

By: _____
Michael Fernandez (MF 4514)
80 Pine Street
New York, New York 10005
(973) 623-5514

TO: Casey & Barnett, LLC
Attorneys for Plaintiff
317 Madison Avenue, 21st Floor
New York, NY 10017
Attn: Martin F. Casey

Cichanowicz, Callan et al.
61 Broadway, Suite 3000
New York, NY 10006
Attn: Randy Donatelli